UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

PHILADELPHIA INDEMNITY
INSURANCE COMPANY,

Plaintiff,

v.

INEZ PINA, INEZ PINA DBA NEW
BEGINNINGS; ADY & CARMELITA
SANTOS FAMILY TRUST 2004; ADY
SANTOS AS TRUSTEE FOR ADY&
CARMELITA SANTOS FAMILY TRUST
2004; LINDA O'RIORDAN; ERIN
SPIVAK; DENIS O'RIORDAN,

Defendants.

No. 2:25-cv-01774-TLN-CKD

**ORDER**

This matter is before the Court on a Motion to Withdraw filed by counsel for Inez Pina, Inez Pina dba New Beginnings, and Ady Santos and Carmelita Santos as Trustees for the Ady & Carmelita Santos Family Trust 2004 (collectively "Defendants"). (ECF No. 19.) Plaintiff does not oppose. For the reasons set forth below, the Motion to Withdraw is GRANTED.

///

///

///

1

The Local Rules of this district require an attorney who would withdraw and leave his or her client without representation to obtain leave of court upon a noticed motion.  L.R. 182(d). Local Rule 182(d) also requires an attorney to provide notice to the client and all other parties who have appeared, and an affidavit stating the current or last known address of the client.  *Id.* Finally, to comply with Local Rule 182(d), the attorney must conform to the requirements of the California Rules of Professional Conduct.  *Id.*

The decision to grant or deny a motion to withdraw is within a court's discretion. *McNally v. Eye Dog Found. for the Blind Inc.*, No. 09-cv-AWI-SKO-01174, 2011 U.S. Dist. LEXIS 34706, 2011 WL 1087117, at *1 (E.D. Cal. Mar. 24, 2011).  District courts within this Circuit have considered several factors when evaluating a motion to withdraw, including the reason for withdrawal, prejudice to the client, prejudice to the other litigants, harm to the administration of justice, and possible delay.  *See, e.g., Deal v. Countrywide Home Loans*, No. 09-cv-01643-SBA, 2010 U.S. Dist. LEXIS 101701, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010); *CE Res., Inc. v. Magellan Group, LLC*, No. 08-cv-02999-MCE-KJM, 2009 U.S. Dist. LEXIS 100776, 2009 WL 3367489, at *2 (E.D. Cal. Oct. 14, 2009); *Beard v. Shuttermart of Cal., Inc.*, No. 07-cv-00594-WQH-NLS, 2008 U.S. Dist. LEXIS 10575, 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008).

Defendants' counsel seeks to withdraw on the grounds that Defendants have terminated her legal services and their agreement.  (ECF No. 19-2 at 2, 3.)

Defendants' counsel has satisfied Local Rule 182(d). Counsel filed a declaration in which she attests she informed Defendants of her intent to withdraw and provides the Court with Defendants' last known addresses.  (ECF No. 19-1 at 3.)  Additionally, California Rule of Professional Conduct 3-700 provides several grounds upon which an attorney may seek to withdraw, including where "[t]he client knowingly and freely assents to termination of the employment[.]"

Moreover, no prejudice, harm, or delay will result from this withdrawal.  The parties have notified the Court they have settled the underlying state liability action, which gave rise to this

2

insurance declaratory action.  (ECF Nos. 21, 23.)  As a result, the parties intend to seek dismissal of the case.

For the foregoing reasons, the Motion to Withdraw (ECF No. 19) is GRANTED.  The Clerk of Court shall reflect this on the Court's docket and update Defendants' addresses as provided in counsel's Motion to Withdraw.  (ECF No. 19-1 at 3.)

IT IS SO ORDERED.

Date: February 25, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE

3